## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEVE J. STRICKLAND,

      Plaintiff,

vs.

WAL-MART STORES, INC.; WAL-MART
STORES EAST, L.P.; WAL-MART
STORES EAST, INC.; DISCOVERY
PLASTICS, LLC; BLITZ U.S.A., INC. and
ROBERT GENE WILLIS,

      Defendants.

_____/

Case No.: _____

State Case No.: 252012CA000263

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Wal-Mart Stores East, L.P. (incorrectly sued as Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, L.P.) (collectively "Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the Circuit Court of the Tenth Judicial Circuit in and for Hardee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. In support of this Notice, Wal-Mart states as follows:

### INTRODUCTION

1.     On June 12, 2012, Plaintiff Steve J. Strickland filed a Complaint in the Circuit Court of the Tenth Judicial Circuit in and for Hardee County, Florida. Plaintiff alleges he suffered severe injuries when he used a gasoline container allegedly manufactured by Blitz U.S.A., Inc. ("Blitz") and sold by Wal-Mart to pour gasoline on and re-ignite a pile of debris. *See* Compl., attached hereto as **Exhibit 1**, at ¶¶ 11, 12, 17.

1

2.     Plaintiff alleges that Blitz manufactured a gas can that "was unreasonably dangerous and defective in its design and manufacture because it did not incorporate a flame arrestor. *Id.* at ¶ 61. Plaintiff further alleges that "Blitz failed to warn Plaintiff of the defective condition of the can." *Id.*

3.     Plaintiff alleges that Wal-Mart "participated in the design of Blitz's can," "failed to provide adequate warnings to Plaintiff about the inherent dangers involved in the use of the can," and "marketed, distributed, and sold the can which was defectively designed and unreasonably dangerous." *Id.* at ¶¶ 21, 22. Plaintiff further alleges that Wal-Mart breached the implied warranty of merchantability by selling a gas can which was defectively designed and manufactured. *Id.* at ¶ 36.

4.     Plaintiff alleges that Discovery Plastics, LLC ("Discovery Plastics") defectively manufactured the yellow spout cap which was incorporated into the subject gas can. *Id.* at ¶ 43. Plaintiff further alleges that these manufacturing defects "result[ed] in an open or improperly sealed can which increased the likelihood of an explosion." *Id.*

5.     Plaintiff alleges that Robert Gene Willis ("Willis") "owned, operated, managed, and/or maintained or had a duty to operate, manage, and/or maintain" the subject property. *Id.* at ¶¶ 92, 93. Plaintiff states that he was assisting Willis to clear debris from the subject property. *Id.* at ¶ 93. Plaintiff then alleges that Willis produced "the subject gas can which was filled with a mixture of diesel and gasoline in order to light a pile of debris" and that Willis "as landowner of the aforementioned property negligently breached his duty of care by failing to warn of dangers that the owner knew or should have known by the use of reasonable care and failed to maintain the premises in a safe condition." *Id.* at ¶¶ 94, 96.

2

6.     The Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that, excluding the fraudulently joined defendant, it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Here, the presence of a non-diverse and in-state defendant is not a bar to removal because Willis is fraudulently joined in this action.

7.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), copies of all process, pleadings, orders and other papers or exhibits served on Wal-Mart in the state court action are attached as **Exhibit 2**.

## DIVERSITY OF CITIZENSHIP EXISTS

8.     Plaintiff Steve J. Strickland is now and was at the time of the filing of the Complaint a citizen of the State of Florida.

9.     Defendant Wal-Mart Stores East, L.P. is now and was at the time of the filing of the Complaint a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.  For the purposes of determining diversity, a limited partnership is that of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Wal-Mart Stores East, L.P.'s sole general partner is WSE Management, LLC, an Arkansas limited liability company.  Wal-Mart Stores East, L.P.'s sole limited partner is WSE Investment, LLC, an Arkansas limited liability company.  For the purposes of determining diversity, the citizenship of a limited liability company is that of its members. *Id.* at 1022.  The sole member of both WSE Management, LLC and WSE Investment, LLC is improperly-named Defendant Wal-Mart Stores East, Inc., now known as Wal-Mart Stores East, LLC, an Arkansas limited liability company, whose parent company is Wal-Mart Stores, Inc.  Wal-Mart Stores

East, LLC is a citizen of Arkansas, therefore, WSE Management, LLC and WSE Investment, LLC are citizens of Arkansas, and Wal-Mart Stores East, L.P. is a citizen of Arkansas.

10.     Improperly-named Defendant Wal-Mart Stores, Inc. is now and was at the time of the filing of the Complaint a Delaware corporation with its principal place of business in Bentonville, Arkansas.  For the purposes of determining diversity, a corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, Wal-Mart Stores, Inc. is a citizen of Delaware and Arkansas.

11.     Defendant Blitz U.S.A., Inc. is now and was at the time of the filing of the Complaint an Oklahoma corporation with its principal place of business in Miami, Oklahoma. Thus, Blitz is a citizen of Oklahoma.

12.     Defendant Robert Gene Willis is now and was at the time of the filing of the Complaint a citizen of the State of Florida.  As set forth below, however, his citizenship should be disregarded for purposes of determining diversity because he is fraudulently joined in this action.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.     It is clear from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Where, as here, the jurisdictional amount is not expressly alleged, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  *See also Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (holding that jurisdiction is proper where "the jurisdictional amount is either stated clearly on the face

4

184127 v5

of the documents before the court, or readily deducible from them"). A court may also consider the removal notice and post-removal evidence concerning the amount in controversy. *See id.* at 1213. District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010). In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

14.     "Certain injuries are by their very nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied." *See Sanderson v. Daimler Chrysler Motor Corp.*, No. 07-0559-WS-B, 2007 WL 2988222, at *1 (S.D. Ala. Oct. 9, 2007). Here, Plaintiff alleges that as a result of the Defendants' conduct he suffered severe burns and was seriously injured. *See generally* Compl. Plaintiff further alleges that he "was burned over twenty percent (20%) of his body, with second and third degree burns" and "was conscious and alert experiencing excruciating plan and suffering while waiting for help to arrive." *Id.* at ¶ 19, 20. Plaintiff claims to have "spent twenty-three (23) days in the Tampa General Hospital's burn unit, suffering through surgeries, skin grafts and debridement procedures and is permanently scarred and disfigured." *Id.* at ¶ 19. Plaintiff seeks damages for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money." *Id.* at ¶¶ 26, 32, 39, 47, 52, 75, 81, 90, and 97. Plaintiff further alleges these injuries are "permanent within a reasonable degree of medical probability" and that Plaintiff "will continue to suffer the losses in the future." *Id.* Plaintiff seeks recovery for "damages, court costs . . . and interest on unpaid medical bills." *Id.*

5

184127 v5

15.     Federal courts have found that less serious allegations than those present here satisfy the amount in controversy requirement. *See, e.g., Devore v. Howmedica Osteonics Corp.*, 658 F.Supp.2d 1372 (M.D. Fla. 2009) (finding the requirement clearly met in case where plaintiff alleged injuries resulting from defective hip prosthesis); *Sanderson*, 2007 WL 2988222, at *1 (stating that "an allegation in a complaint that the plaintiff was rendered a paraplegic would render the case removable, even if the complaint did not expressly demand over $75,000, and even if it was silent as to medical expenses, pain and suffering, mental anguish and lost income."); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (finding the jurisdictional amount requirement met where plaintiff alleged severe and permanent injuries, pain and suffering, and medical expenses); *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000) (holding that alleged damages in a slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount); *Carleton v. CRC Indus., Inc.*, 49 F.Supp.2d 961, 962 (S.D. Tex. 1999) (stating that it is "undeniably facially apparent" that the jurisdictional amount is met where plaintiff alleged he contracted leukemia from defendant's chemicals); *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding the amount in controversy requirement satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (alleged damages to property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation, and an inability to do housework met jurisdictional amount).

6

## REMOVAL IS OTHERWISE PROPER

16.   Plaintiff commenced this action on June 12, 2012. Wal-Mart was served with process on October 3, 2012. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

17.   Venue exists in the Middle District of Florida, Tampa Division, because the Circuit Court for Hardee County, Florida, is within the Tampa Division.

18.   Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Hardee County, Florida, pursuant to 28 U.S.C. §1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as **Exhibit 3**.

19.   Defendant Discovery Plastics consents to and joins in this Removal. A written copy of consent to and joinder in this removal from Discovery Plastics is attached as **Exhibit 4**.

20.   In November 2011, Defendant Blitz filed for bankruptcy protection in Delaware under Chapter 11 of the United States Bankruptcy Code. All proceedings against Blitz have been automatically and mandatorily stayed under 11 U.S.C. § 362(a). Blitz's consent to removal of this case is unnecessary for three reasons. First, proceedings against Blitz are automatically and mandatorily stayed. Second, there is no reasonable basis to believe that Blitz was amenable to suit following Blitz's filing for bankruptcy protection. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (finding bankruptcy debtor was fraudulently joined when plaintiff filed action after debtor had filed for bankruptcy protection because "[plaintiff] had no reasonable basis to believe that [bankruptcy debtor] was amenable to suit"). Therefore, Blitz's consent to removal is unnecessary. *Diaz v. Kaplan Univ.*, 567 F.Supp.2d 1394, 1402 (S.D. Fla. 2008); *English v. Unum Life Ins. Co.*, 2010 U.S. Dist. LEXIS 84711, *11-12 (M.D. Fla. 2010); *Torrence v. Pfizer, Inc.*, 2007 U.S. Dist. LEXIS 17907, *12 (M.D. Fla. 2007). Third, Blitz's consent to removal is

7

unnecessary because Blitz has not been served with process in this suit. *Brown*, 575 F.3d at 327 ("In the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal.") (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985)); *Brittain v. Schuls*, 2007 U.S. Dist. LEXIS 53737, *6, n.3 (M.D. Fla. July 25, 2007).

21.     As stated above and set forth more fully below, Willis is fraudulently joined. Thus, his consent to removal is unnecessary. *Diaz*, 567 F.Supp.2d at 1402; *English*, 2010 U.S. Dist. LEXIS 84711, at *11-12; *Torrence*, 2007 U.S. Dist. LEXIS 17907 at *12.

## AS PLED, PLAINTIFF HAS NO REASONABLE POSSIBILITY OF RECOVERY FOR PREMISE LIABILITY AGAINST WILLIS

22.     In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) (abrogated on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561-62 (11th Cir. 1989). A defendant is fraudulently joined where there is no reasonable basis for a claim against it. While some cases say that there must be "no possibility" of a claim, courts have held this language "cannot be taken literally" and that "the standard more accurately is described as requiring a showing that there is 'no reasonable basis' for predicating liability on the claims alleged." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001) (emphasis added). This standard is applied in the Eleventh Circuit and others. *See, e.g., Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *see also BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000).

23.     Plaintiff cannot assert that "*any mere theoretical possibility* of recovery under local law – no matter how remote or fanciful – suffices to preclude removal. . . . [T]here must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

8

24.     Plaintiff's negligence claim against Willis is based on a theory of premises liability because Willis allegedly owned or operated the property on which Plaintiff was injured.  Count IX of the Complaint – the only count asserted against Willis - states as follows:

> 92.     On or about the aforementioned date above, the Defendant ROBERT G. WILLIS (hereinafter referred to as WILLIS) owned, operated, managed, and/or maintained or **had a duty to own, operate, manage and/or maintain** both individually and by and/or through his agents, servants and/or employees, **a certain premise** located at 187 Golden Oaks Road, Zolfo Springs, Florida.
>
> 93.     At the aforesaid time and place, Plaintiff STRICKLAND, was lawfully on said premises assisting Defendant WILLIS in clearing the subject property from debris aforementioned above.
>
> 94.     At the aforesaid time and place, Defendant WILLIS provided to Plaintiff STRICKLAND the subject gas can which was filled with a mixture of diesel and gasoline in order to light the pile of debris which was to be burned.
>
> 95.     Defendant WILLIS failed to warn or give timely notice to Plaintiff STRICKLAND of the known risks and dangers which was likely to occur by utilizing the subject gas can which was filled with mixture of diesel and gasoline.
>
> 96.     Defendant WILLIS **as landowner of the aforementioned property negligently breached his duty of care** by failing to warn of dangers that the owner knew or should have known by the use of reasonable care and failed to maintain the premises in a safe condition. Defendant WILLIS breached his duty of due care and said breach resulted in the injuries to Plaintiff STRICKLAND.
>
> 97.     As a result of negligence of the Defendant DISCOVERY WILLIS, the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money.  The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer losses in the future.

(emphasis added)

184127 v5

25.     Under Florida law, "the crux of a cause of action for premises liability is not the ownership of the premises, but the negligence of the possessor in permitting licensees and invitees to come unwarned to an area where they could foreseeably be injured *by a dangerous condition* which is not readily apparent." *Houssami v. Nofal*, 578 So.2d 495, 496 (Fla. 5th DCA 1991) (emphasis added). However, premises liability theories do not apply when the plaintiff alleges injury due to something unrelated to the condition of the property. *Maldonado v. Jack M. Berry Grove Corp, et al.*, 351 So.2d 967, 968 (Fla. 1977).

26.     Here, Plaintiff has no reasonable possibility of recovering on his premises liability theory against Willis because Plaintiff has not established that a condition of the property caused him harm. Instead, Plaintiff claims Willis "failed to warn or give timely notice to Plaintiff STRICKLAND of the known risks and dangers which was likely to occur by utilizing the subject gas can which was filled with mixture of diesel and gasoline." *Id.* at ¶ 95. The act of providing a gas can, however, is not related to the condition of the property. *Hix v. Billen*, 284 So.2d 209, 210 (Fla. 1973) (affirming appellate court's finding that the defendant's action in turning his car's ignition while plaintiff was pouring gas directly into the carburetor "has no relationship to defendant's premises; that it merely happened that the car was located there instead of on the curb or in a parking lot or elsewhere." "[Defendant's] alleged negligence has no relationship to the premises"). Thus, Plaintiff has no reasonable possibility of recovery against Willis, and his citizenship must be disregarded.

## THE CLAIMS AGAINST WILLIS ARE ALSO PROCEDURALLY MISJOINED WITH THE CLAIMS AGAINST THE ALLEGED MANUFACTURERS AND RETAILER

27.     In addition, the product liability claims against Blitz, Wal-Mart, and Discovery Plastics are improperly joined with the premises liability theory against Willis under Federal Rule of Civil Procedure 20(a). Rule 20(a) limits permissive joinder of parties to "claims arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact

184127 v5

common to all these persons will arise in the action." The facts giving rise to the premises liability theory against Willis occurred at least a year apart from the design, manufacture, and sale of the gas can.[1] The facts supporting the claims against Blitz, Wal-Mart, and Discovery Plastics are completely separate and distinct from the facts giving rise to the claim against Willis. Plaintiff does not allege that Willis played any role in the design, manufacture, or sale of the gas can, nor does he allege that Blitz, Wal-Mart, and Discovery Plastics had any role in the maintenance of Willis's land. The evidence supporting these claims will be different. For example, the claims against Blitz, Wal-Mart, and Discovery Plastics will require evidence on the design, manufacture, and sale of the allegedly defective gas can. In contrast, the premise liability theory against Willis will require evidence of the ownership, possession, and care of the subject premises. Thus, the claims against Willis do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against Blitz, Wal-Mart, and Discovery Plastics. Wal-Mart respectfully submits that these claims are, therefore, improperly joined together under Rule 20(a). For this reason, the claim against Willis should be severed and remanded to state court.

WHEREFORE, Wal-Mart hereby removes this case from the Circuit Court of the Tenth Judicial Circuit in and for Hardee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

---

[1] In his pre-suit preservation deposition, Willis testified that the gas can sat in his shop with fuel in it for approximately one year prior to Plaintiff's accident. Deposition of Robert Gene Willis, Apr. 11, 2011, at 23:1-12 (attached as **Exhibit 5**).

184127 v5

Dated: October 23, 2012.

Respectfully submitted,

s/ Brian T. Guthrie
Brian T. Guthrie FBN 0084232
bguthrie@shb.com
SHOOK, HARDY & BACON L.L.P.
100 North Tampa St., Suite 2900
Tampa, FL 33602-5810
Telephone: (813) 202-7100
Facsimile: (813) 221-8837

*Attorney for Wal-Mart Stores East, L.P.*

12

184127 v5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail and e-mail to the following parties on this 23rd day of October, 2012:

**Raymond O. Bodiford, Esq.**
FBN: 327840
BODIFORD LAW GROUP
121 South Orange Avenue
Suite 1150
Orlando, FL 32801
Telephone: (407) 423-9728
Facsimile: (407) 648-1899
ray@bodifordlawgroup.com

*Counsel for Plaintiff*

s/Brian T. Guthrie
Attorney