# EXHIBIT 1

ORIGINAL FILED

6-12-12

IN THE CIRCUIT COURT OF THE TENTH
JUDICIAL CIRCUIT IN AND FOR
HARDEE COUNTY, FLORIDA

STEVE J. STRICKLAND,

                Plaintiff,           CASE NO.: 252012 CA 000263

    vs.

WAL-MART STORES, INC.; WAL-MART    DIVISION: _____
STORES EAST, L.P.; WAL-MART
STORES EAST, INC.; DISCOVERY
PLASTICS, LLC; BLITZ U.S.A., INC. and
ROBERT GENE WILLIS,

              Defendants.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, STEVE J. STRICKLAND, SR. ( herein after referred to as

"PLAINTIFF'), and sues Wal-Mart Stores, Inc.; Wal-Mart Stores East, L.P. (collectively "Wal-

Mart"); DISCOVERY PLASTICS, LLC ("Discovery Plastics"); Blitz U.S.A., Inc. ("Blitz") and

ROBERT GENE WILLIS (hereinafter referred to as WILLIS) and alleges the following:

### INTRODUCTION

On or about October 11, 2009, a gas storage container (hereinafter "can" or "subject

gas can") manufactured by Blitz and sold by Wal-Mart exploded, causing Plaintiff to suffer

severe burns. This action is brought against the Defendants to recover all damages to which

Plaintiff is entitled as a result of the severe injuries and damages he sustained as set forth

herein.

### PARTIES

1.     Plaintiff is an individual and resident of the State of Florida who resides in Hardee

County, Florida.

2.     Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation that does

business in the State of Florida and which maintains its principal place of business in the State of Arkansas. Wal-Mart Stores, Inc. may be served with process by serving its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

3.      Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") is a Delaware limited partnership that does business in the State of Florida and which maintains its principal place of business in the State of Arkansas. Wal-Mart Stores East, L.P. may be served with process by serving its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

4.      Defendant Wal-Mart Stores East, Inc. ("Wal-Mart") is a Delaware limited partnership that does business in the State of Florida and which maintains its principal place of business in the State of Arkansas. Wal-Mart Stores East, Inc. may be served with process by serving its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5.      Defendant DISCOVERY PLASTICS, LLC ("Discovery Plastics") is a Kansas limited liability company that has engaged in business in the State of Florida but maintains its principal place of business in Miami, Oklahoma. DISCOVERY PLASTICS may be served with process by serving its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas  66603.

6.      Defendant Blitz U.S.A., Inc. ("Blitz") is an Oklahoma corporation that maintains its principal place of business in the State of Oklahoma.

7.      Defendant ROBERT GENE WILLIS, is an individual and resident of the State of Florida who resides in Hardee County, Florida.

2

## JURISDICTION AND VENUE

8.     This is an action for damages based on damages in excess of Fifteen Thousand ($15,000.00) Dollars.

9.     Plaintiff STRICKLAND and Defendant WILLIS are both residents of Hardee County, Florida.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     Blitz is in the business of designing, marketing, manufacturing and selling portable plastic gasoline cans.

11.     Blitz designed, manufactured, marketed and sold a model of gas can known as the Blitz self-venting gas can (hereinafter "can" or "subject gas can").

12.     Defendant purchased a five gallon self-venting gas can from Wal-Mart at its store located at 1480 U.S. Highway 17 North, Wauchula, Florida. The can, which contained gasoline, was stored in a shop at the residence of Defendant Willis located in Zolfo Springs, Florida.

13.     The can was sold by Blitz to Wal-Mart for distribution in Florida.

14.     On or about June 22, 2008, Plaintiff and Defendant Willis went to clear debris located on the property located at 187 Golden Oaks Road, Zolfo Springs, Florida owned by Defendant Willis by way of riding lawnmowers owned by Defendant Willis.

15.     Defendant Willis provided the subject gas can filled with a mixture of diesel and gasoline fuels in order to start the burn in order to clear the debris on the property.

16.     Defendant Willis and Plaintiff poured the fuel on the debris and lighted the debris.

17.     Due to moisture being on the debris, the fire died down and the Plaintiff went to go pour additional fuel to re-light the debris. Before Plaintiff was able to pour any additional fuel on the debris, the fire flamed up into the subject gas can causing it to explode, covering the Plaintiff in fuel resulting Plaintiff

3

becoming engulfed in flames.

18. Plaintiff managed to strip off his clothing and extinguish the fire on his body.

19. Plaintiff was burned over twenty percent (20%) of his body, with second and third degree burns. He was conscious and alert experiencing excruciating pain and suffering while waiting for help to arrive. Plaintiff spent twenty-three (23) days in the Tampa General Hospital's burn unit, suffering through surgeries, skin grafts and debridement procedures and is permanently scarred and disfigured.

## CLAIMS FOR RELIEF

## COUNT I

## STRICT LIABILITY AS TO DEFENDANT WAL-MART ONLY

20. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if fully pleaded herein.

21. Wal-Mart marketed, distributed and sold the can which was defectively

22. designed and unreasonably dangerous for its anticipated, intended and foreseeable use in the following ways:

A. Wal-Mart marketed and sold the can without a flame arrestor and/or other safety devices;

B. Wal-Mart participated in and impacted the design of Blitz's can, and in particular the design of the closures of the can, and knew that it had the ability to impact the design of Blitz's can;

C. Wal-Mart failed to provide adequate warnings to Plaintiff about the inherent dangers involved in the use of the can it marketed and sold;

D. Wal-Mart sold Blitz gas cans to the public that contained manufacturing

4

defects;

E.   Wal-Mart knew or should have known at the time it supplied the can that the can, as sold, was defectively designed because it posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer/purchaser, and the risks associated with this design outweighed its utility;

F.   Wal-Mart knew or should have known of other available gas cans that were available to safeguard consumers from the foreseeable dangers associated with gasoline use and to significantly reduce and/or eliminate the risk of flammable vapor ignition, and Wal-Mart failed to offer such cans for sale, and instead sold the defective Blitz can to Plaintiffs sister, and knew of incidents where Blitz gasoline cans such as the one Wal-Mart sold to Plaintiffs sister had exploded, causing burn injuries;

G.   Wal-Mart knew or should have known that consumers would use gas cans to fill their lawnmowers with gasoline, creating an unreasonable and unexpected hazard of vapor ignition and resulting fire, without appropriate design features to prevent flashback;

H.   With the knowledge that plastic gas cans not equipped with flame arrestors were exploding, Wal-Mart sought on at least two occasions to significantly increase sales to customers and decrease its product cost from Blitz as opposed to insisting on a fix to prevent its customers from suffering severe burn injuries and even dying.

23.   Wal-Mart had actual knowledge of the defects in the can and other Blitz cans as

5

alleged above, Wal-Mart had actually joked about the dangers of the can at its management and supplier meetings, and Wal-Mart put the can into the stream of commerce, acting with complete indifference to, and in willful, conscious and reckless disregard for the safety of Plaintiff and other foreseeable plaintiffs. After discovery is conducted, Plaintiff reserves the right to seek leave of the Court to amend his Complaint to seek punitive damages against Wal-Mart.

24.     Wal-Mart had actual or constructive knowledge of the defective conditions of the subjects gas can alleged above at the time it sold the can to Plaintiffs sister.

25.     As a direct and proximate result of one or more of Wal-Mart's acts or omissions as described herein and as a direct and proximate result of the gas can's defective design, Wal-Mart is liable to Plaintiff pursuant to Section 402A of the Restatement (Second) of Torts (1965).

26.     As a result of negligence of the Defendant Wal-Mart, the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Wal-Mart for damages, court costs, jury and interest on unpaid medical bills.

## COUNT II

## NEGLIGENCE AS TO DEFENDANT WAL-MART ONLY

27.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if fully

6

pleaded herein.

28.   Wal-Mart owed consumers and/or foreseeable users, including Plaintiff, the duty of reasonable care in its marketing, distribution and sale of the can.

29.   As a direct and proximate result of Wal-Mart's negligence, the can was marketed, distributed and sold in a defective condition, and it was unreasonably dangerous when used as intended and when put to reasonably anticipated and/or foreseeable use by persons such as Plaintiff.

30.   Plaintiff's injuries, and the manner in which they occurred, were reasonably foreseeable to Wal-Mart, which knew or should have known that individuals such as Plaintiff were being severely burned when encountering Blitz gas containers, including the subject can.

31.   As a direct and proximate result of one or more of Wal-Mart's acts or omissions as described herein, Plaintiff suffered the injuries and harms outlined in this Complaint.

32.   As a result of negligence of the Defendant Wal-Mart, the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money.  The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Wal-Mart for damages, court costs, jury and interest on unpaid medical bills.

7

## COUNT III

## BREACH OF WARRANTY AS TO DEFENDANT WAL-MART ONLY

33.   Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if fully pleaded herein.

34.   Wal-Mart is a merchant of gas cans.

35.   In selling and placing the gas can into the stream of commerce, Wal-Mart impliedly warranted that the gas can was merchantable and fit for the ordinary, anticipated and foreseeable purposes for which it was intended to be used.

36.   Wal-Mart breached said implied warranty in one or more of the following respects, among others:

A.   Wal-Mart sold a gas can without a flame arrestor and/or other safety devices;

B.   Wal-Mart participated in and had impacted the design of Blitz's gas cans;

C.   Wal-Mart failed to provide adequate warnings about the inherent dangers involved in the use of gas containers it sold;

D.   Wal-Mart sold Blitz gas cans that contained manufacturing defects;

E.   Wal-Mart knew or should have known at the time it supplied the gas can that the can, as sold, was defectively designed because it posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer/purchaser, and the risks associated with this design outweighed its utility;

F.   Wal-Mart knew or should have known of other available gas cans that

8

were designed to significantly reduce and/or eliminate the risk of flammable vapor ignition, and failed to offer such cans for sale and instead sold the defective subject gas can to Plaintiffs sister;

G. Wal-Mart knew or should have known that consumers use gas cans to fuel lawnmowers, creating an unreasonable and unexpected hazard of vapor ignition and resulting fire, without appropriate design features to prevent flashback.

37. As a direct and proximate result of Wal-Mart's breach of warranty, Plaintiff suffered the injuries and harms outlined in this Complaint.

38. As such, Wal-Mart is liable pursuant to Florida Revised Statute § 672.314.

39. As a result of negligence of the Defendant Wal-Mart, the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Wal-Mart for damages, court costs, jury and interest on unpaid medical bills.

## COUNT IV

## MANUFACTURING DEFECTS AS TO DEFENDANT DISCOVERY PLASTICS ONLY

40. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if fully pleaded herein.

41. At all relevant times, DISCOVERY PLASTICS was engaged in the business of

9

manufacturing component parts of portable gas cans, including the Blitz gas can in the present case, which were to be sold to consumers within the stream of commerce.

42.   DISCOVERY PLASTICS expected the component parts it manufactured to ultimately reach the residential consumer and/or users, such as Plaintiff, without substantial change in the condition in which they were originally manufactured. The component parts manufactured by DISCOVERY PLASTICS, as incorporated into the gas can by Blitz, did in fact reach Plaintiff without a substantial change in the condition in which they were originally manufactured by DISCOVERY PLASTICS and unexpectedly failed under ordinary and foreseeable use due to defective manufacturing.

43.   At the time the component parts left DISCOVERY PLASTICS' control, and at all times complained of, the yellow spout cap manufactured by DISCOVERY PLASTICS for the Blitz self-venting can, which was incorporated into the gas can in the present case, suffered from manufacturing defects which caused and/or contributed to cause the cap to crack and/or to fall off and be lost and was made with defective processes and/or molds, resulting in an open or improperly sealed can which increased the likelihood of an explosion.

44.   DISCOVERY PLASTICS utilized defective manufacturing processes and/or molds in manufacturing the cap and failed to implement and/or monitor its processes to ensure it was producing a quality product of uniform size.

45.   The component parts manufactured by DISCOVERY PLASTICS for the Blitz self-venting can were defective because they deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same specifications.

46.   As a direct and proximate result of one or more of DISCOVERY PLASTICS' acts or omissions as described herein and as a direct and proximate result of the gas can's

10

defective design, DISCOVERY PLASTICS is liable to Plaintiff pursuant to Section 402A of the

Restatement (Second) of Torts (1965).

47.    As a result of negligence of the Defendant DISCOVERY PLASTICS, the

Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability

to earn money.  The injury to the Plaintiff is permanent within a reasonable degree of medical

probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant DISCOVERY

PLASTICS for damages, court costs, jury and interest on unpaid medical bills.

## COUNT V

### NEGLIGENCE AS DEFENDANT TO DISCOVERY PLASTICS ONLY

48.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if

fully pleaded herein.

49.    Defendant DISCOVERY PLASTICS owed consumers and/or foreseeable users,

including Plaintiff, the duty of reasonable care in its manufacture and production of its

component parts for gas cans.

50.    Defendant DISCOVERY PLASTICS ignored and/or breached that duty by its

following negligent acts and/or omissions:

A.    Manufactured defective component parts for Blitz gas cans, including the

yellow cap that fit on the end of the self-venting spout of Blitz's gas cans;

B.    Placed into the stream of commerce component parts that contained

manufacturing defects;

11

C.    Placed into the stream of commerce component parts that were unfit for

their intended use;

D.    Placed into the stream of commerce component parts likely to cause

injury in their ordinary use;

E.    Failed to adequately test its caps for uniformity and/or compliance with

quality programs;

F.    DISCOVERY PLASTICS knew or should have known that there were

manufacturing defects in its component parts that caused the cap to crack and/or to

fall off and be lost or allowed users to fail to appropriately secure it, resulting

in an open or improperly sealed can which increased the likelihood of an

explosion.

51.    As a direct and proximate result of one or more of Defendant DISCOVERY

PLASTICS' acts or omissions as described herein, Plaintiff suffered the injuries and harms outlined

in this Complaint.

52.    As a result of negligence of the Defendant DISCOVERY PLASTICS., the

Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability

to earn money.  The injury to the Plaintiff is permanent within a reasonable degree of medical

probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant DISCOVERY

PLASTICS for damages, court costs, jury and interest on unpaid medical bills.

12

## COUNT VI

## STRICT LIABILITY AS TO DEFENDANT BLITZ ONLY

53.     Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully pleaded herein.

54.     Defendant BLITZ is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling the can to consumers within the stream of commerce. Defendant BLITZ designed, manufactured, assembled, marketed, distributed and sold the can that caused Plaintiff's injuries.

55.     Defendant BLITZ expected the can to ultimately reach the residential consumer and/or users without substantial change in the condition in which it was originally sold. The can did in fact reach Plaintiff without a substantial change in the condition in which it was originally sold by Defendant BLITZ and unexpectedly failed under ordinary and foreseeable use. The can was not modified or altered after it left Defendants' control, and Plaintiff was utilizing the can in a foreseeable and reasonable manner in which the can was reasonably expected to be used.

56.     At the time the can left Defendants' control, and at all times complained of herein, safer alternative designs were available that would have eliminated the risk of the subject gas can exploding without substantially impairing the usefulness and intended purpose of the product.

57.     The can was defective and unsafe for its intended purposes at the time it left Defendants' control in that the design failed to include a flame arrestor device, which is a necessary safety device that would have prevented Plaintiff's catastrophic burn injuries.

58.     Blitz failed to act as a reasonable manufacturer by failing to implement a feasible

13

alternative design to prevent foreseeable injuries and deaths from the lack of a flame arrestor on its gas

cans.

59.     Blitz failed to act as a reasonable manufacturer by failing to produce a gas can closure that

would safely store gasoline in the can. The yellow cap on the Blitz can suffered from defects which

caused and/or contributed to cause the cap to crack and/or to fall off and be lost subjecting the stored

gasoline to evaporation which increased the risk of explosion. Blitz continued to sell its cans with the

defective yellow closures despite Blitz's knowledge of this defect.

60.     Blitz knew or should have known of the can's susceptibility to flashback and

explosion, which occurs when gasoline vapors outside the can ignite and the flames follow the

vapor trail back into the can, causing an explosion of the can and a release of burning gasoline and

vapors and/or a flame thrower effect where burning vapors and liquid explode out of the can.

61.     The can was unreasonably dangerous and defective in its design and manufacture

because it did not incorporate a flame arrestor, a technologically and economically feasible safety

device that would have prevented the explosion in the present case, and because its closure system

did not work appropriately to seal the can, thereby increasing the risk of an explosion. Blitz failed to

warn Plaintiff of the defective condition of the can and that cans such as the one Plaintiff purchased may

explode if there is a flashback that follows the gasoline vapors back to the can.

62.     A flame arrestor, sometimes called a flame arresting screen, flash arrestor or spark

arrestor, is a small metal device that is placed in a container's openings and allows liquids to flow out of

the container but prevents the flashback of flames back into the container. The device consists of either

a perforated metal disk or a wire mesh screen.

63.     The efficacy of flame arrestors has been known to the gasoline manufacturing

industry for decades. Manufacturers of portable gas cans for commercial use have been aware of their

14

existence and have included them in their design since before the 1950's. In the 1970's, flame arrestors were incorporated into cans marketed to the general public.

64.     For more than a quarter century, the utility and efficacy of flame arrestors has been a topic of discussion in the media and national publications and the subject of numerous lawsuits filed by consumers, users, and bystanders who have been burned and/or killed in encounters with portable gas cans that were not equipped with the device.

65.     Consequently, Blitz has known, or should have known, for decades prior to this incident that gas cans without flame arrestors were susceptible to flashback (i.e., when gasoline vapors outside the container ignite, the flames can follow the vapor trails back inside the container causing it to explode and/or spew flames and burning gasoline).

66.     Without the inclusion of a flame arrestor, the foreseeable risk of injury and/or death associated with the use of the subject gas can far exceeded any utility and/or benefits associated with its design.

67.     Nevertheless, despite the wealth of available scientific knowledge, Blitz has made, and continues to make, a conscious, willful, wanton and reckless decision to endanger the safety of consumers, users, and bystanders by refusing to incorporate a well-known safety device into its portable gas cans, despite the fact that this safety device is economically and technologically feasible.

68.     The can designed, manufactured, assembled, marketed, distributed, and sold by Blitz was defective and/or unreasonably dangerous when sold.

69.     The can designed, manufactured, assembled, marketed, distributed and sold by Blitz was the direct and proximate cause of Plaintiff's injuries and damages.

70.     As a direct and proximate result of Blitz's acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the can as alleged, Plaintiff suffered severe

15

personal injuries, including, but not limited to, severe burns, severe physical pain and suffering, permanent scarring, psychological impairment, and emotional distress.

71.    As a direct and proximate result of Blitz's acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the can as alleged, Plaintiff has suffered reasonable and necessary medical expenses in the past and will incur reasonable and necessary medical expenses in the future in an amount which is currently unknown but which will be pleaded when ascertained.

72.    As a direct and proximate result of Blitz's acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the can as alleged, Plaintiff has suffered lost income and loss of earning capacity in amounts which are currently unknown but which will be pleaded when ascertained.

73.    As a direct and proximate result of Blitz's acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the can as alleged, Blitz is liable to Plaintiff pursuant to Section 402A of the Restatement (Second) of Torts (1965).

74.    In order to avoid liability in civil cases for damages such as this instant case, Blitz has destroyed or otherwise spoliated evidence which would tend to prove plaintiffs' allegations in this and other similar cases that have been litigated in other states. Based upon the entirety of Blitz's actions as alleged in this paragraph and those preceding it, Plaintiff reserves the right to amend the Complaint to request an award of punitive damages once discovery is completed.

75.    As a result of negligence of the Defendant BLITZ., the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injury

to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff

will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant BLITZ for damages,

court costs, jury and interest on unpaid medical bills.

## COUNT VII

## NEGLIGENCE AS TO DEFENDANT BLITZ ONLY

76.     Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully pleaded

herein.

77.     Blitz owed consumers and/or foreseeable users, including Plaintiff, the duty

of reasonable care in its design, manufacture, assembly, marketing, distribution and sale

of the subject gas can.

78.     Blitz ignored and/or breached that duty by its following negligent acts

and/or omissions:

    (a)     Failed to design and produce a reasonably safe gas can;

    (b)     Designed, manufactured, assembled, marketed, distributed, and sold a gas

        can that was defective;

    (c)     Placed into the stream of commerce a gas can that was defective in design;

    (d)     Placed into the stream of commerce a gas can that was defective in that it

        failed to contain adequate warnings and instructions;

    (e)     Placed into the stream of commerce a gas can that was unfit for its intended

        use;

    (f)     Placed into the stream of commerce a gas can that was likely to and did cause

injury during its ordinary use;

(g)    Placed into the stream of commerce a can that contained manufacturing defects;

(h)    Failed to incorporate a flame arrestor in the product design;

(i)    Failed to properly test its can and prototypes thereof with flame arresting

material;

(j)    Failed to provide adequate instructions and warnings with the can after

learning, knowing, or having reason to know, of the defects existing in the can

that rendered it unreasonably dangerous for its intended use;

(k)    Failed to provide adequate warnings that would be reasonably calculated to

inform consumers and/or users of the nature and extent of the dangers involved in

using or misusing its product;

(l)    Failed to actively seek information regarding incidents in which

consumers, users, and bystanders were injured and/or killed when they

encountered cans such as the one that injured Plaintiff;

(m)    Failed to actively seek information regarding incidents involving explosion and/or

internal combustion of its cans;

(n)    Failed to provide post-sale warnings after learning, knowing, or having reason

to know of the defects existing in the can that rendered it unreasonably

dangerous for its intended use;

(o)    Failed to take subsequent remedial measures or to recall the can after

learning, knowing, or having reason to know of the defects existing in the can

that rendered it unreasonably dangerous for its intended use;

(p)    Ignored and/or failed to investigate scientific, technological and industry

18

information and studies regarding the efficacy of flame arrestors for the can;

(q)     Ignored and/or failed to investigate other lawsuits and/or similar incidents involving

        similar claims and incidents in which consumers, users, children and/or bystanders

        were severely and routinely burned and/or killed when encountering the can;

(r)     Failed to report incidences and lawsuits involving other consumers, users, and

        bystanders who have been burned and/or killed when encountering the can to

        the Consumer Product Safety Commission;

(s)     Failed to warn that the can was not equipped with safety devices;

(t)     Sold the can when it knew it posed an unreasonable risk of flammable vapor

        ignition, flashback and explosion to users beyond that understood or contemplated

        by the average reasonable consumer, and the risks associated with this

        design outweighed its utility;

(u)     Blitz knew or should have known that consumers would use their can(s) to fill the

        gas tank of a lawnmower with gasoline, creating an unreasonable and

        unexpected hazard of vapor ignition and resulting fire, without appropriate

        design features to prevent ignition and flashback;

(v)     Blitz knew or should have known that there were design and

        manufacturing defects in the closures on its can that caused it to fall of and/or be

        lost or allowed users to fail to appropriately secure it, resulting in an open or

        improperly sealed can, which increased the likelihood of an explosion;

(w)     On at least two occasions, Blitz halted projects to equip its can with flame arrestors

        for financial and strategic legal reasons as opposed to safety considerations;

(x)     Blitz spoliated evidence which would tend to prove Plaintiff's allegations that

Defendants are liable to Plaintiff.

79.      As a direct and proximate result of Blitz's negligent acts and/or omissions, the can that caused Plaintiff's injuries was placed into the stream of commerce, in a defective and unreasonably dangerous condition, acting with complete indifference to, and in willful, conscious disregard for the safety of Plaintiff, and other foreseeable plaintiffs. After discovery is conducted, Plaintiff reserves the right to seek leave of the Court to amend his Complaint to seek punitive damages against Blitz for gross negligence.

80.      Plaintiffs injuries and the manner in which they occurred were reasonably foreseeable to Blitz, which had actual and/or constructive knowledge from within the industry, national publications, media reports and prior claims and lawsuits, that consumers, users, children and bystanders were being routinely burned and/or killed when encountering their portable gas cans.

81.      As a result of negligence of the Defendant BLITZ., the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant BLITZ for damages, court costs, jury and interest on unpaid medical bills.

## COUNT VIII

### BREACH OF WARRANTY AS TO DEFENDANT BLITZ ONLY

82.      Plaintiff re-alleges and incorporates in paragraphs 1-19 as if fully pleaded

herein.

83.   Blitz, by and through the sale of its portable gas cans, expressly and impliedly warranted to the consumer and/or foreseeable users, such as Plaintiff, that the container was fit for its ordinary and foreseeable purposes.

84.   Plaintiff made ordinary use of the container in reliance on said warranties.

85.   Contrary to said warranties, the portable gas can was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

86.   Blitz breached its express and implied warranties by one or more of the following respects, among others:

   A.   Failure of the gas can itself and by improper marketing;

   B.   Failed to equip the gas can with a flame arrestor and/or other safety devices to make the gas can safe for its foreseeable environment;

   C.   Failed to provide adequate warnings about the inherent dangers involved in the use of gasoline and its gas cans;

   D.   Failed to warn that the gas can was not equipped with a flame arrestor or other safety devices;

   E.   The gas can, as sold, posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer, and the risks associated with its design outweighed its utility;

   F.   Blitz knew or should have known of feasible alternative designs that would have significantly reduced and/or eliminated the risk of flammable vapor ignition and failed to employ said design alternatives to make it safe for its foreseeable

21

environment;

G.   Blitz knew or should have known that consumers would use gas cans to fuel

lawnmowers, creating an unreasonable and unexpected hazard of vapor

ignition and resulting fire, without appropriate design features to prevent

flashback;

H.   Failed to assure that the product design included a flame arrestor;

I.   Failed to protect foreseeable users of the gas can from the dangers present

in the use of such container, which dangers Blitz knew or should have known

existed;

J.   Failure to recall and/or repair the product;

K.   Placed on the market a gas can which was unfit for its intended use;

L.   Placed on the market a gas can which was not safe for the ordinary purpose

for which it was sold.

87.   Plaintiff's injuries and the manner in which they occurred were reasonably

foreseeable to Blitz, which had actual and/or constructive knowledge from the industry, national

publications, media reports, and prior claims and lawsuits, that consumers, users, children

and bystanders were being routinely burned and/or killed when encountering their

portable gas cans.

88.   As a direct and proximate result of said breach of warranty, Plaintiff

suffered the injuries and harms outlined in this Complaint.

89.   As such, Blitz is liable pursuant to Florida Revised Statutes §§ 672.313 and

672.314.

90.   As a result of negligence of the Defendant BLITZ., the Plaintiff was injured and

22

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injury

to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff

will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant BLITZ for damages,

court costs, jury and interest on unpaid medical bills.

## COUNT IX

## NEGLIGENCE AS TO DEFENDANT ROBERT G. WILLIS

91.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if

fully pleaded herein.

92.    On or about the aforementioned date above, the Defendant ROBERT G.

WILLIS (hereinafter referred to as WILLIS), owned, operated, managed, and/or maintained or

had a duty to own, operate, manage and/or maintain both individually and by and/or through

his agents, servants and/or employees, a certain premise located at 187 Golden Oaks Road, Zolfo

Springs, Florida.

93.    At the aforesaid time and place, Plaintiff STRICKLAND, was lawfully on said

premises assisting Defendant WILLIS in clearing the subject property from debris aforementioned

above.

94.    At the aforesaid time and place, Defendant WILLIS provided to Plaintiff

STRICKLAND the subject gas can which was filled with a mixture of diesel and gasoline in order to

light the pile of debris which was to be burned.

95.    Defendant WILLIS failed to warn or give timely notice to Plaintiff

23

STRICKLAND of the known risks and dangers which was likely to occur by utilizing the subject gas can which was filled with mixture of diesel and gasoline.

96.     Defendant WILLIS as landowner of the aforementioned property negligently breeched his duty of care by failing to warn of dangers that the owner knew or should have known by the use of reasonable care and failed to maintain the premises in a safe condition. Defendant WILLIS breached his duty of due care and said breach resulted in the injuries to Plaintiff STRICKLAND.

97.     As a result of negligence of the Defendant DISCOVERY WILLIS., the Plaintiff was injured and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant WILLIS for damages, court costs, jury and interest on unpaid medical bills.

Respectfully submitted on this 11th day of June, 2012.

Raymond O. Bodiford, Esq.
Florida Bar No.: 327840
BODIFORD LAW GROUP
121 South Orange Avenue
Suite 1150
Orlando, FL 32801
(407) 423-9728 – Telephone
(407) 648-1899 – Facsimile
COUNSEL FOR PLAINTIFF

24